# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Todd Raines

Case No. 23-40189
Chapter 11-Subchapter V
Hon. Mark A. Randon

Debtor.
_____/

## CONSENT ORDER CONFIRMING DEBTOR'S
## PLAN OF REORGANIZATION

The Debtor, Todd Raines filed his Subchapter V Plan (the "Plan") with the court on March 24, 2023 (Docket #53). Copies of the Plan and a ballot were served on all creditors, equity security holders and other interested parties on March 24, 2023. The hearing on confirmation was held on June 12, 2023. All filed and unfiled objections have been resolved.

WHEREFORE, THE COURT FINDS AND CONCLUDES AS FOLLOWS:

1. All requirements for confirmation of the Plan under 11 U.S.C. 1191(b) and 1129 have been satisfied and the plan is being confirmed pursuant to 11 U.S.C.1191(b).

2. In the event of conversion of this case post-confirmation to a case under Chapter 7 of the Bankruptcy Code, all property that vested in the Debtor, Debtor-in- Possession, Reorganized Debtor, Liquidating Trustee or any Successor to the Debtor under the confirmed Plan or under 11 U.S.C. §

(1)

1141, or that was otherwise acquired post-confirmation, will become property of the Chapter 7 estate.

3. The Effective Date of the plan shall be the first business day after this Order Confirming Debtor's Plan of Reorganization becomes a final order.

4. In accordance with 11 U.S.C. § 1183(c)(2)The Subchapter V Trustee's services shall automatically terminate upon the plan's Substantial Consummation. The Debtor shall no later than 14 days after substantial consummation file a Notice of Substantial Consummation in accordance with 11 U.S.C. § 1183(c)(2). The Debtor shall serve the Subchapter V Trustee via e-mail with copies of all checks disbursed for all plan payments when first due and made under the plan and this Order Confirming Plan. The Subchapter V Trustee will not file his No Distribution report until after receipt and confirmation of the initial distribution checks for any Classes he requests to his satisfaction.

5. This Court shall retain jurisdiction to the full extent and duration providedfor by the Bankruptcy Code.

6. Debtor's professionals, the Subchapter V Trustee and any other parties seeking administrative expense claims shall file all applications for approval of administrative expenses on or before August 31, 2023.

7. Article 1 (Summary of Claims) and Article 2 (treatment of claims) are:

## ARTICLE 1 SUMMARY OF CLAIMS AND CLASSES

The Plan provides for the following classes and claims:

Group 1 Estimated Administrative Expense claims pursuant to 11 U.S.C.

§507: Subchapter V Trustee fees: $3,000

Debtor's Chapter 11 counsel fees + expenses: $30,000

Less Retainer Deposit: $5768. Estimated Admin Expenses Due from Debtor: $25,232.

Class 1: Internal Revenue Service, Priority Personal Income Tax Claim of $19,635.75.

Class 2: Michigan Treasury, Priority Personal Income Tax Claim of $2135.

Class 3: Secured claim of Tri County Bank in the amount of $280,418.

Class 4: Secured Claim of Byline Bank in the amount of approximately $2,000,000.

Class 5: Secured Claim of Ally Financial in the amount of $11,543.

Class 6: Secured Claim of Eastern Michigan Bank in the amount of $21,546.

Class 7: Secured Claim of Harley Davidson in the amount of $17,845.

Class 8: Secured Claim of Wyndam Vacation in the amount of $44,626.

Class 9: Allowed Unsecured Claims in the amount of $3,928,799.

(3)

## ARTICLE 2 TREATMENT OF CLASSES OF CLAIMS

Group 1 Administrative Expense claims pursuant to 11 U.S.C. §507

This class is Impaired.

Subchapter V Trustee fees of approximately $3,000

Debtor's Chapter 11 counsel of approximately $30,000

2. The Debtor will pay the claim of SubChapter V Trustee in the amount of $3000.00

as follows:

1. $3000 within 30 days of any order entered by the Court approving his fees.

The Debtor will pay the claim of counsel in monthly payments of $650.00 with the first Payment due 30 days after the final payment to the Subchapter V Trustee's fees are paid. This proposed distribution is subject to increase if the Debtor incurs additional administrative expenses including but not limited to additional attorney fees to promote confirmation of a contested plan and additional Subchapter V Trustee fees necessary to promote confirmation of this plan and/or to mediate plan confirmation by consent. Any increase in administrative expenses will be paid from the amounts the Debtor estimates for disbursement to Class 9 general unsecured creditors.

(4)

**Class 1: Internal Revenue Service, Priority Personal Income Tax Claim**

**Amount of Priority Claim: $19,635.75.**

This class is impaired**.**

Debtor will pay the IRS priority claim in full together with interest at 7 percent through 48 equal monthly installments of no less than $300 each. The payments will commence 180 days from the date of confirmation and the claim of the IRS shall be paid in full by not later than January 10, 2028.

**Class 2: Michigan Treasury, Priority Personal Income Tax Claim**

**Amount of Priority Claim  $2135**

This class is impaired.

Debtor will pay the Michigan Treasury claim in full over the 5 year term of the plan together with interest at 5.8 percent. Payments will be made in 48 equal monthly installments of $117.00 and will commence 180 days after the Effective Date.

**Class 3: Secured Claim of Tri County Bank**
**Collateral:  Debtor's home**
**Claim Amount: $280,418**
**Value: $425,000**

This class is unimpaired. The Debtor will pay Class 3 pursuant to the mortgage loan he and his non filing spouse have presently have with Tri County Bank requiring monthly payments of $2246.

**Class 4: Secured Claim of Byline Bank**
**Collateral: Debtor's home**
**Not Impaired**
**Claim Amount: $2,000,000**
**Value: $144,582**

    Notwithstanding any provisions to the contrary set forth in the Chapter 11 Plan or Reorganization on in this Consent Order Confirming Debtor's Plan of Reorganization: (a) Debtor agrees to reaffirm all of his personal guarantee obligations to Byline Bank and will execute Reaffirmation of Unlimited Guarantee Agreements concerning his personal guarantees for the following Byline Bank loans to Raines Holdings, LLC, and National Filters, Inc.:

(i) Byline Bank Loan No. 1070 in the original principal amount of $1,076,500.00 secured by that certain U.S. Small Business Administration Unconditional Guarantee of Debtor dated February 15, 2019;

(ii) Byline Bank Loan No. 1072 in the original principal amount of $400,000.00 secured by that certain U.S. Small Business Administration Unconditional Guarantee of Debtor dated February 15, 2019;

(iii) Byline Bank Loan No. 1071 in the original principal amount of $2,151,000.00 secured by that certain U.S. Small Business Administration Unconditional Guarantee of Debtor dated February 15, 2019; and

(iv) Byline Bank Loan No. 1547 in the original principal amount of $500,000.00 secured by that certain U.S. Small Business Unconditional Guarantee of Debtor dated April 28, 2020;

(b) Byline Bank will not receive any payments in the normal course of the Plan of Reorganization or pursuant to this the Consent Order Confirming Debtor's Plan of Reorganization Order Chapter 11; and (c) upon an event of default by Raines Holdings, LLC or National Filters, Inc. concerning any of the loans referenced above and as to be further detailed in each of the Reaffirmation of Unlimited Guarantee Agreements, Byline Bank shall be allowed to exercise any and all of its remedies thereunder without further order from the Bankruptcy Court and without regard to the provisions in Articles 7 and 10(g), (k) or (u) of the Plan of Reorganization.

**Class 5: Secured Claim of Ally Financial**
 Collateral:   2021 GMC Canyon
**Not Impaired**
**Claim Amount: $11,543**
**Value: $20,000**

   The Debtor will pay Class 6 regular payments under the contract terms of the note as they come due in the amount of $572.00 per month until paid in full.

**Class 6: Secured Claim of Eastern Michigan Bank**
**Collateral:  2016 River Forest Fifth Wheel**
**Not Impaired**
**Claim Amount: $21,546**
**Value: $21,546**

   The Debtor will pay Class 6 regular payments under the contract terms of the note as they come due in equal monthly payments of $584.00 per month until paid in full.

**Class 7:  Secured Claim of Harley Davidson Credit**
**Collateral:  Harley Davidson Motorcycle**
**Claim Amount: $17,845**
**Value: $17,000**

 This Class is impaired.

 The Debtor has surrendered the collateral. Any deficiency balance shall be treated as a general unsecured debt.

**Class 8:  Secured Claim of  Wyndam Vacations**
**Collateral:  Wyndam Vacation**
**Claim Amount: $44,723**
**Value: $5000**

 This class is impaired.

The Debtor will surrender the collateral. Any deficiency balance shall be treated as a general unsecured debt.

**Class 9: Allowed General Unsecured Claims** Estimated Allowed Claims Total: $3,928,799

This class is impaired.

Debtor will make yearly disbursements to Class 9 Creditors in an amount of $6666.66 for total payment of $20,000. Payments will commence in year 3 of the plan and continue for 24 consecutive months. This distribution is subject to reduction equal to any increase in administrative expenses that exceed the Debtor's estimated administrative expense claims set out in Group 1.

8. The Debtor shall be responsible for making his own distributions under the plan.

9. The Reorganized Debtor must file post-confirmation operating reports in compliance with the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees until the entry of (a) a Final Decree closing the Case or (b) an order dismissing or converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code.

10. No just reason exists for delay in the implementation of the Confirmation Order. The Court hereby directs entry of the judgment set forth herein. This Confirmation Order is a final and appealable order under Federal Rules of Bankruptcy Procedure 7054(a) and 9014 and Federal Rule of Civil Procedure 54 (b).

11. Upon failure of the Debtor to make any payment due on any administrative, secured, priority, or general unsecured claim of a creditor which is not cured within 15 days of the mailing of a written notice of default by the creditor, such creditor may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court. In the event of conversion of this case to a Chapter 7 proceeding, all property of the Debtor, Debtor-in-posession, or reorganized Debtor, which revested in the reorganization debtor upon confirmation and all post confirmation aquired property shall be property of the chapter 7 estate.

12. Article 9, paragraph (i) of the Plan, shall be stricken from the plan.

13. That portion of Article 3 of the plan dealing with disputed claims shall be stricken as the Debtor has resolved with the changes of this Order Confirming Plan, all claims disputes.

(9)
23-40189-mar    Doc 64    Filed 06/12/23    Entered 06/12/23 12:32:46    Page 9 of 11

14. This Plan and the Confirmation Order shall inure to the benefit of, and be binding upon, all parties-in-interest and their respective successors and assigns, but will not bind a subsequently appointed Chapter 7 Trustee.

15. Article 10, Subsection 5 regarding right of setoff of the plan is stricken.

**Signed on June 12, 2023**

/s/ Mark A. Randon
**Mark A. Randon
United States Bankruptcy Judge**